IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                           PLAINTIFF/RESPONDENT

v.                        No. 2:07-cr-20072-1

BOUATHONG LUANGTHAVONG                              DEFENDANT/PETITIONER

**O R D E R**

Petitioner, Bouathong Luangthavong, was charged by indictment on November 14, 2007, with knowingly failing to register and/or update registration as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"). 18 U.S.C. § 2250. On January 28, 2008, he filed a motion to dismiss the indictment (doc. 11), challenging the constitutionality of SORNA and contending that he was not advised of his duty to register. The Court denied this motion on February 5, 2008. On March 24, 2008, Luangthavong and the Government entered a conditional plea agreement, which allowed Luangthavong to appeal the denial of his motion to dismiss. On July 24, 2008, this Court sentenced Petitioner to time served and ten years of supervised release. He did not file a direct appeal.

Currently before the Court is Petitioner's Motion to Set Aside or Vacate Conviction Pursuant to 28 U.S.C. § 2255 or in the Alternative Pursuant to 28 U.S.C. § 2241 (doc. 26) and the Government's response (doc. 29). Petitioner seeks to vacate his conviction on grounds that: (1) he is actually innocent of the

charge; (2) his conviction is in violation of the Constitution or laws of the United States; (3) this Court was without jurisdiction to impose the sentence; and (4) his conviction constitutes a miscarriage of justice.  For the reasons reflected below, his motion is **DENIED**.

I. <u>**28 United States Code Section 2255**</u>

Petitioner challenges the constitutionality of his conviction. Under 28 U.S.C. § 2255, an individual in federal custody can return to the sentencing court for a collateral challenge to the constitutionality, legality, or jurisdictional basis of the sentence imposed. *See U.S. v. Addonizio*, 442 U.S. 178, 185 (1979). There is a one year statute of limitations for § 2255 motions that begins to run from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner has presented no evidence of an impediment, additional facts supporting his claim, or legal authority indicating recognition of his claimed right in the Supreme Court. Thus, in order for his claim to be within the statute of limitations, his motion must have been filed within one year of the judgement against him becoming final. The judgment against Petitioner was entered on July 14, 2008, and he did not appeal. When a defendant takes no direct appeal, the judgment becomes final when the availability of appeal or petition for certiorari expires. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). In a criminal case, the defendant has ten (10) days to file a notice of appeal. Fed. R. App. Pro. 4(b)(1)(A). Accordingly, the statute of limitations began to run on July 28, 2008. Because Petitioner filed his motion on July 24, 2009, the petition is timely.

The fact that Petitioner's motion is timely does not automatically lead to the Court's consideration of its merits. This is because the failure to raise a claim on direct review results in procedural default. *United States v. Morgan*, 230 F.3d 1067, 1069 (8th Cir. 2000). Additionally, the failure to contest the validity of a guilty plea results in default. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Because Petitioner did not pursue a direct appeal, the Court must determine whether there are grounds to excuse his procedural default.

"Where a defendant has procedurally defaulted a claim by

failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622 (internal citations omitted). Petitioner makes no argument relating to cause and prejudice. Thus, the Court will proceed to his contention that he is actually innocent.

Petitioner argues that two cases by the Eighth Circuit Court of Appeals establish that he did not violate SORNA. On July 31, 2008, the Eighth Circuit decided *United States v. May*, 535 F.3d 912 (8th Cir. 2008). The *May* Court, in dicta, indicated that in order for an individual to violate SORNA, the offender must travel in interstate commerce after the effective date of the act. *Id*. at 920 ("The only punishment that can arise under SORNA comes from a violation of § 2250, which punishes convicted sex offenders who travel in interstate commerce after the enactment of SORNA and who fail to register as required by SORNA."). Similarly, on January 27, 2009, the Eighth Circuit decided *United States v. Hulen*, 309 F. App'x. 79 (8th Cir. 2009). There, deciding the direct appeal of the denial of two motions to dismiss, the court of appeals reversed and remanded the SORNA convictions. *Id*. at 80. The court determined that because there was no evidence that the defendants traveled in interstate commerce after the effective date of the statute, the convictions could not stand. *Id*. We conclude that *May* and *Hulen* are inapplicable to the present case.

"In order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction." *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). A petitioner can show factual innocence only where, by clear and convincing evidence and "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002); *see also Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994). This standard is strict; a petitioner cannot demonstrate actual innocence if there is factual support for the conviction. *Id*.

In the present case, the thrust of Petitioner's actual innocence argument is legal, rather than factual, in nature. He essentially contends that this Court improperly denied his motion to dismiss and that this error resulted in his conviction. Particularly, Petitioner argues that *May* and *Hulen* stand for the proposition that the government was required to present evidence that he traveled in interstate commerce after the effective date of SORNA. He concludes that because there is a lack of evidence on this point, he is actually innocent of a SORNA violation.

The contention that a particular statute simply does not apply is a contention of legal, rather than factual, innocence. *Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994) (holding that petitioner's argument that felony convictions did not qualify for

treatment under felon in possession of a firearm statute was one of legal innocence). Petitioner's argument requires this Court to make a threshold legal determination about the applicability of SORNA in this case. Thus, his contention is not that the facts have somehow changed, and that based on new facts, he is innocent of the criminal act for which he was convicted. Rather, Petitioner claims innocence based on a static set of facts. In this sense, he is presenting the Court with a legal sufficiency challenge based on the Government's alleged failure to prove a particular element of the offense, i.e. that the evidence before the Court at the time of his plea will not support his conviction. However, Petitioner does not contest the validity of his plea. Further, there is no controlling precedent for Petitioner's legal argument. *United States v. Morgan*, 230 F.3d 1067, 1070 (8th Cir. 2000) (requiring a definitive announcement that the underlying substantive elements of an offense have changed). While they may indicate that he had a viable argument on direct appeal, neither the Eighth Circuit's dicta in *May* nor its reversals in *Hulen* require the legal conclusion that Petitioner is actually innocent. Legal insufficiency is simply not factual innocence. *United States v. Ward*, 55 F.3d 412, 414 (8th Cir. 1995) (rejecting actual innocence argument based on contention that different type of methamphetamine was produced). Therefore, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED** based on his procedural default.

**II. 28 United States Code Section 2241**

As an alternative to a § 2255 motion, Petitioner requests that the Court consider his motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Section 2255 "is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand." *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004) (holding actual innocence argument, standing alone, does not automatically render § 2255 inadequate or ineffective).

In this case, Petitioner has made no showing that a § 2255 motion is inadequate or ineffective. Indeed, he has presented his § 2255 petition to the Court. Petitioner makes no arguments under § 2241 that distinguish his § 2241 claim from that under § 2255. Thus, he has made no showing that § 2255 is inadequate or ineffective. Therefore, his § 2241 petition is **DENIED**.

**III. Conclusion**

For reasons reflected herein, Bouathong Luangthavong's Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 or in the Alternative Pursuant to 28 U.S.C. § 2241 is **DENIED**.

```
     IT IS SO ORDERED this 14th day of October 2009.


                              /s/ Robert T. Dawson
                              Robert T. Dawson
                              United States District Judge
```