```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

UNITED STATES OF AMERICA                                    PLAINTIFF

    v.               Case No. 2:07-CR-20072

BOUATHONG LUANGTHAVONG                                      DEFENDANT

## STATEMENT OF REASONS FOR DENIAL OF
## CERTIFICATE OF APPEALABILITY

On March 24, 2008, Bouathong Luangthavong pleaded guilty to a one count Indictment charging him with failing to register and/or update registration as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250. (Doc. 18). He was sentenced to time served, 10 years supervised release, a $3,000.00 fine, and a $100 special assessment. (Doc. 22). Defendant did not appeal his conviction.

On July 24, 2009, Defendant filed a motion to set aside his conviction pursuant to 28 U.S.C. § 2255 or, in the alternative, 28 U.S.C. § 2241. Defendant's motion stated that his admitted failure to register as a sex offender did not constitute a federal offense because: (1) he was actually innocent of the charge; (2) his conviction was a violation of the Constitution or laws of the United States; (3) the Court was without jurisdiction to impose such sentence; and (4) the conviction constituted a miscarriage of justice. (Doc. 26). This Court denied Defendant's motion under § 2255 based upon his unexcused procedural default. (Doc. 31). This Court denied the motion under § 2241 because Defendant failed to make an independent showing that a § 2255 motion was inadequate or ineffective.

Currently before the Court is Defendant's Motion for Certificate of Appealability. (Doc. 32). For his motion, Defendant seeks a certificate of appealability ("COA") with respect to the issues he presented under 28 U.S.C. § 2255 and § 2241. Under 28 U.S.C. § 2253(c)(2), a COA may issue only if "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Defendant contends that he has made a substantial showing of the denial of a constitutional right due to his actual innocence and the purported inapplicability of SORNA. (Doc. 32).

This Court previously denied Defendant's motion to vacate based on procedural default. Despite the timeliness of his § 2255 motion, Defendant failed to either contest the validity of his guilty plea or pursue a direct appeal. Each of these failures resulted in procedural default. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (failure to contest the validity of a guilty plea); *United States v. Morgan*, 230 F.3d 1067, 1069 (8th Cir. 2000) (failure to raise a claim on direct review). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can

first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622 (internal citations omitted). In his motion to vacate, Defendant contended that he was actually innocent of the charge.

"In order to establish a valid claim of actual innocence, a defendant must show *factual innocence*, not simply legal insufficiency of evidence to support a conviction." *McNeal v.United States*, 249 F.3d 747, 749 (8th Cir. 2001). In support of his claim of actual innocence, Defendant argued that SORNA was inapplicable and that he should be permitted to proceed with his habeas petition based on a change in the law. In *United States v. May*, 535 F.3d 912 (8th Cir. 2008), the Eighth Circuit Court of Appeals discussed SORNA's application to defendants who were convicted of sex offenses prior to the statute's enactment and whether pre-SORNA interstate travel can form the basis for a SORNA conviction. In dicta, the court of appeals stated that "[t]he only punishment that can arise under SORNA comes from a violation of § 2250, which punishes convicted sex offenders who travel in interstate commerce after the enactment of SORNA and who fail to register as required by SORNA." *May*, 535 F.3d at 920; *See also United States v. Hulen*, 309 Fed. Appx. 79 (8th Cir. 2009) (addressing direct appeal, the court of appeals determined that because there was no evidence that the defendants traveled in interstate commerce after the effective date of the statute, the convictions could not stand). In the cases cited by Defendant, it

3

was conceded and undisputed that the defendants' last travels in interstate commerce were prior to the passage of SORNA. In the present case, the Government made no such concession, and Defendant's argument in his motion to vacate was directed to the sufficiency of the evidence against him rather than actual innocence of the charge.

The contention that a particular statute simply does not apply is a contention of legal, rather than factual, innocence. *Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994) (holding that petitioner's argument that felony convictions did not qualify for treatment under felon in possession of a firearm statute was one of legal innocence). Defendant's argument required this Court to make a threshold legal determination about the applicability of SORNA. Thus, his contention was not that the facts had somehow changed, and that based on new facts, he was innocent of the criminal act for which he was convicted. Rather, he claimed innocence based on a static set of facts. In this sense, he presented the Court with a legal sufficiency challenge based on the Government's alleged failure to prove a particular element of the offense, i.e. that the evidence before the Court at the time of his plea would not support his conviction. Further, there is no controlling precedent for Petitioner's legal argument. *United States v. Morgan*, 230 F.3d 1067, 1070 (8th Cir. 2000) (requiring a definitive announcement that the underlying substantive elements of an offense have changed). While they may indicate that he had a viable argument on

direct appeal, neither the Eighth Circuit's dicta in *May* nor its reversals in *Hulen* require the legal conclusion that Petitioner is actually innocent.

Legal insufficiency is simply not factual innocence. *United States v. Ward*, 55 F.3d 412, 414 (8th Cir. 1995) (rejecting actual innocence argument based on contention that different type of methamphetamine was produced). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling</u>." *Slack*, 529 U.S. at 484 (emphasis added). The Court finds that based on the static set of facts argued by Defendant, jurists of reason could not debate whether Defendant presented a factual basis for his claim of actual innocence. Therefore, there was no basis for excusing his procedural default in this case. Defendant's § 2255 petition was barred, and as this Court has ruled, Defendant failed to show that § 2241 was a proper basis for relief. The Court concludes that Defendant's request for a certificate of appealability (Doc. 32) should be **DENIED.**

IT IS SO ORDERED this 3rd day of March 2010.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

5